IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CROSSROADS SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:12-CV-104 |
| v. | § | |
| | § | JURY DEMANDED |
| (1) INFORTREND CORPORATION, | § | |
| (2) ABERDEEN LLC, | § | |
| (3) BOOST SYSTEMS, INC., | § | |
| (4) IXSYSTEMS, INC., and | § | |
| (5) STORAGEFLEX, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF CROSSROADS SYSTEMS, INC.'S
## COMPLAINT FOR PATENT INFRINGEMENT

### THE PARTIES

1.      Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.      Upon information and belief, Defendant Infortrend Corporation ("Infortrend") is a California corporation with a principal place of business of 2200 Zanker Road, Suite 130, San Jose, CA 95131.

3.      Upon information and belief, Defendant Aberdeen LLC ("Aberdeen") is a California company with a principal place of business of 10420 Pioneer Boulevard, Santa Fe Springs, CA 90670.

4.      Upon information and belief, Defendant Boost Systems, Inc. ("Boost") is a California corporation with a principal place of business of 11391 Sunrise Gold Circle, Suite 300, Rancho Cordova, CA 95742.

5.      Upon information and belief, Defendant iXsystems, Inc. ("iXsystems") is a Delaware corporation with a principal place of business of 2490 Kruse Drive, San Jose, CA 95131.

6.      Upon information and belief, Defendant Storageflex, Inc. ("Storageflex") is an Ontario corporation with a principal place of business of 3601 Highway 7, Suite 400, Markham, Ontario L3R 0M3 Canada.

## JURISDICTION AND VENUE

7.      This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq*.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391(c) and 1400.  Upon information and belief, each Defendant has established minimum contacts with this forum such that the exercise of jurisdiction over each defendant would not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over Infortrend. Upon information and belief, Infortrend regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court.  Upon information and belief, Infortrend has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, including, but not limited to, products that practice the subject matter claimed in the Patents-In-Suit, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

10.      This Court has personal jurisdiction over Aberdeen.  Upon information and belief, Aberdeen regularly conducts business in the State of Texas and in this judicial district and is

subject to the jurisdiction of this Court.  Upon information and belief, Aberdeen has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

11.     This Court has personal jurisdiction over Boost.  Upon information and belief, Boost regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court.  Upon information and belief, Boost has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

12.     This Court has personal jurisdiction over iXsystems.  Upon information and belief, iXsystems regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court.  Upon information and belief, iXsystems has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.

13.     This Court has personal jurisdiction over Storageflex.  Upon information and belief, Storageflex regularly conducts business in the State of Texas and in this judicial district and is subject to the jurisdiction of this Court.  Upon information and belief, Storageflex has been doing business in Texas and this judicial district by distributing, marketing, selling and/or offering for sale its products, and/or regularly doing or soliciting business and/or engaging in other persistent courses of conduct in and/or directed to Texas and this judicial district.  Further, Storageflex has engaged in activities in this judicial district relating to one or more products that

practice the subject matter claimed by at least one of the Patents-In-Suit by purchasing one or more products from this judicial district that were marked with at least one of the patents-in-suit.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

14.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

15.     On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued.  A true and correct copy of the '035 Patent is attached hereto as Exhibit A.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent.  The '035 Patent is entitled to a presumption of validity.

16.     Defendants Infortrend, Aberdeen, Boost, iXsystems and Storageflex have each directly infringed the '035 Patent.  On information and belief, each Defendant continues to directly infringe the '035 Patent.

17.     Specifically, each of the Defendants has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Infortrend); XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface (Aberdeen); EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Boost); Titan 316F, Titan 424F, ESVA iSCSI Host Series, and

ESVA Fibre Host Series (iXsystems); and FF1124 and HA3969 with FC or iSCSI Host Interfaces (Storageflex).

18.      Further, Defendant Infortrend has been and now is indirectly infringing the '035 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Infortrend's products, such as EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series, by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of Defendant Infortrend's products and/or Defendant Infortrend's components for use with same, including EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series and/or components for use with same.

19.      Further, Defendant Aberdeen has been and now is indirectly infringing the '035 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Aberdeen's products, such as XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Aberdeen's products, including XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series

RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface.

20.     Further, Defendant Boost has been and now is indirectly infringing the '035 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Boost's products, such as EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Boost's products, including the EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series.

21.     Further, Defendant iXsystems has been and now is indirectly infringing the '035 Patent, with knowledge of the patent, by way of contributing to the infringement of the '035 Patent by users of Defendant iXsystems' products, such as the Titan 316F, Titan 424F, ESVA iSCSI Host Series and ESVA Fibre Host Series, by among other things, offering for sale, selling, and/or importing into the United States certain of Defendant iXsystems' products, including Titan 316F, Titan 424F, ESVA iSCSI Host Series, and/or ESVA Fibre Host Series.

22.     Further, Defendant Storageflex has been and now is indirectly infringing the '035 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendant Storageflex's products, such as the FF1124 and

HA3969 with FC or iSCSI Host Interfaces, by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of Defendant Storageflex's products and/or components for use with same, including the FF1124 and HA3969 with FC or iSCSI Host Interfaces and/or components for use with same.

23.     Each Defendant has been on notice of the '035 Patent since before this lawsuit through prior involvement in litigation involving the '035 Patent (Infortrend), the purchase of a marked product (Storageflex) and/or through notification by letter that its products, including but not limited to the infringing products listed herein, have infringed and continue to infringe (Storageflex, Aberdeen, iXsystems, Boost), and no Defendant has ceased its infringing activities. The infringement of the '035 Patent by each Defendant has been and continues to be willful and deliberate.

24.     Crossroads has been irreparably harmed by each of Defendant Infortrend's, Storageflex's, Aberdeen's, Boost's and iXsystems' acts of infringement of the '035 Patent, and will continue to be harmed unless and until each of Defendant Infortrend's, Storageflex's, Aberdeen's, Boost's and iXsystems' acts of infringement are enjoined and restrained by order of this Court.

25.     As a result of the acts of infringement of the '035 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

26.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

27.     On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued.  A true and correct copy of the '147 Patent is attached hereto as Exhibit B.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent.  The '147 Patent is entitled to a presumption of validity.

28.     Defendants Infortrend, Boost and Storageflex have directly infringed the '147 Patent and, on information and belief, Defendants Infortrend, Boost and Storageflex continue to directly infringe the '147 Patent.

29.     Specifically, Defendants Infortrend, Boost and Storageflex have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  EonStor Fibre-to-Fibre RAID Systems and EonStor DS Fibre-to-Fibre RAID Systems (Infortrend); EonStor Fibre-to-Fibre RAID Systems (Boost); and FF1124 (Storageflex).

30.     Further, Defendant Infortrend has been and now is indirectly infringing the '147 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant Infortrend's products, such as EonStor Fibre-to-Fibre RAID Systems and EonStor DS Fibre-to-Fibre RAID Systems by, among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of its products and/or Defendant Infortrend's components for use with same, including EonStor Fibre-to-Fibre RAID Systems, EonStor DS Fibre-to-Fibre RAID Systems and/or components for use with same.

31.     Further, Defendant Boost has been and now is indirectly infringing the '147 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent

infringement, by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant Boost products, such as EonStor Fibre-to-Fibre RAID Systems by, among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of its products, including the EonStor Fibre-to-Fibre RAID Systems.

32. Further, Defendant Storageflex has been and now is indirectly infringing the '147 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant Storageflex's products, such as the FF1124 by, among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of its products and/or certain components for use with Storageflex's products, including the FF1124 and/or components for use with same.

33. Defendants Infortrend, Boost and Storageflex have been on notice of the '147 Patent since before this lawsuit through notification by letter (Boost, Storageflex), prior involvement in litigation involving the '147 Patent (Infortrend), and/or purchase of a marked product (Storageflex), and have not ceased their infringing activities. The infringement of the '147 Patent by Defendants Infortrend, Boost and Storageflex has been and continues to be willful and deliberate.

34. Crossroads has been irreparably harmed by each of Defendant Infortrend's, Boost's and Storageflex's acts of infringement of the '147 Patent and will continue to be harmed unless and until each of Defendant Infortrend's, Boost's and Storageflex's acts of infringement are enjoined and restrained by order of this Court.

35.     As a result of the acts of infringement of the '147 Patent by Defendants Infortrend, Boost and Storageflex, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,934,041**

36.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

37.     On April 26, 2011, United States Patent No. 7,934,041 (the "'041 Patent") was duly and legally issued.  A true and correct copy of the '041 Patent is attached hereto as Exhibit C.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '041 Patent.  The '041 Patent is entitled to a presumption of validity.

38.     Defendants Infortrend, Aberdeen, Boost, iXsystems and Storageflex have directly infringed the '041 Patent.  On information and belief, the Defendants continue to directly infringe the '041 Patent.

39.     Specifically, each of the Defendants has directly infringed the '041 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Infortrend); XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface (Aberdeen); EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface,  EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Boost); Titan 316F, Titan 424F, ESVA iSCSI Host Series and

ESVA Fibre Host Series (iXsystems); and FF1124 and HA3969 with FC or iSCSI Host Interfaces (Storageflex).

40.     Further, Defendant Aberdeen has been and now is indirectly infringing the '041 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '041 Patent by users of Defendant Aberdeen's products, such as XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Aberdeen's products, including XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface.

41.     Further, Defendant Boost has been and now is indirectly infringing the '041 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '041 Patent by users of Defendant Boost's products, such as EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Boost's products, including the EonStor RAID Systems with Fibre Host Interface and/or iSCSI

Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series.

42.     Further, Defendant iXsystems has been and now is indirectly infringing the '041 Patent, with knowledge of the patent, by way of contributing to the infringement of the '041 Patent by users of Defendant iXsystems' products, such as Titan 316F, Titan 424F, ESVA iSCSI Host Series, and ESVA Fibre Host Series by among other things, offering for sale, selling, and/or importing into the United States certain of Defendant iXsystems' products, including Titan 316F, Titan 424F, ESVA iSCSI Host Series, and/or ESVA Fibre Host Series.

43.     Further, Defendant Storageflex has been and now is indirectly infringing the '041 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '041 Patent by users of Defendant Storageflex's products, such as the FF1124 and HA3969 with FC or iSCSI Host Interfaces by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of Defendant Storageflex's products and/or components for use with same, including, without limitation, the FF1124 and HA3969 with FC or iSCSI Host Interfaces and/or components for use with same.

44.     Defendants Aberdeen, Boost, iXsystems and Storageflex have been on notice of the '041 Patent since before this lawsuit through notification by letter that their products, including, but not limited to, the infringing products listed herein, have infringed and continue to infringe the '041 Patent, and have not ceased their infringing activities.  The infringement of the '041 Patent by Defendants Aberdeen, Boost, iXsystems and Storageflex has been and continues to be willful and deliberate.

45.     Crossroads has been irreparably harmed by each of Defendant Infortrend's, Boost's, Aberdeen's, iXsystems' and Storageflex's acts of infringement of the '041 Patent, and will continue to be harmed unless and until of Defendant Infortrend's, Boost's, Aberdeen's, iXsystems' and Storageflex's acts of infringement are enjoined and restrained by order of this Court.

46.     As a result of the acts of infringement of the '041 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 7,934,040

47.     Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

48.     On April 26, 2011, United States Patent No. 7,934,040 (the "'040 Patent") was duly and legally issued.  A true and correct copy of the '040 Patent is attached hereto as Exhibit D.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '040 Patent.  The '040 Patent is entitled to a presumption of validity.

49.     Defendants Infortrend, Aberdeen, Boost, iXsystems and Storageflex have each directly infringed the '040 Patent.  On information and belief, each Defendant continues to directly infringe the '040 Patent.

50.     Specifically, each of the Defendants has directly infringed the '040 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Infortrend); XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS

F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface (Aberdeen); EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface,  EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Boost); Titan 316F, Titan 424F, ESVA iSCSI Host Series and ESVA Fibre Host Series (iXsystems); and FF1124 and HA3969 FC or iSCSI Host Interfaces (Storageflex).

51.     Further, Defendant Aberdeen has been and now is indirectly infringing the '040 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '040 Patent by users of Defendant Aberdeen's products, such as XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Aberdeen's products, including XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface.

52.     Further, Defendant Boost has been and now is indirectly infringing the '040 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '040 Patent by users of Defendant Boost's products, such as EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series by

among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Boost's products, including the EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series.

53.     Further, Defendant iXsystems has been and now is indirectly infringing the '040 Patent, with knowledge of the patent, by way of contributing to the infringement of the '040 Patent by users of Defendant iXsystems' products, such as the Titan 316F, Titan 424F, ESVA iSCSI Host Series and ESVA Fibre Host Series by among other things, offering for sale, selling, and/or importing into the United States certain of Defendant iXsystems' products, including the Titan 316F, Titan 424F, ESVA iSCSI Host Series and ESVA Fibre Host Series.

54.     Further, Defendant Storageflex has been and now is indirectly infringing the '040 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '040 Patent by users of Defendant Storageflex's products, such as the FF1124 and HA3969 with FC or iSCSI Host Interfaces by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of Defendant Storageflex's products and/or components for use with same, including, without limitation, the FF1124 and HA3969 with FC or iSCSI Host Interfaces and/or components for use with same.

55.     Defendants Aberdeen, Boost, iXsystems and Storageflex have been on notice of the '040 Patent since before this lawsuit through notification by letter that their products, including, but not limited to, the infringing products listed herein, have infringed and continued

to infringe, and have not ceased their infringing activities.  The infringement of the '040 Patent by Defendants Aberdeen, Boost, iXsystems and Storageflex has been and continues to be willful and deliberate.

56.    Crossroads has been irreparably harmed by each of Defendant Storageflex's, Aberdeen's, iXsystems', Boost's and Infortrend's acts of infringement of the '040 Patent, and will continue to be harmed unless and until each of Defendant Storageflex's, Aberdeen's, iXsystems', Boost's and Infortrend's acts of infringement are enjoined and restrained by order of this Court.

57.    As a result of the acts of infringement of the '040 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 7,987,311

58.    Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

59.    On July 26, 2011, United States Patent No. 7,987,311 (the "'311 Patent") was duly and legally issued.  A true and correct copy of the '311 Patent is attached hereto as Exhibit E.  Crossroads is the assignee and the owner of all right, title, and interest in and to the '311 Patent.  The '311 Patent is entitled to a presumption of validity.

60.    Defendants Infortrend, Aberdeen, Boost, iXsystems and Storageflex have each directly infringed the '311 Patent.  On information and belief, each Defendant continues to directly infringe the '311 Patent.

61.    Specifically, each of the Defendants has directly infringed the '311 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their products including at least the following:  EonStor RAID Systems with Fibre Host Interface

and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Infortrend); XDAS D-Series RAID Systems with FC and/or iSCSI Host, XDAS iSCSI Series RAID Systems, XDAS F8 Series RAID Systems and Aberdeen P8 XDAS with Fibre Host Interface (Aberdeen); EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series and ESVA Fibre Host Series (Boost); Titan 316F, Titan 424F, ESVA iSCSI Host Series and ESVA Fibre Host Series (iXsystems); and FF1124 and HA3969 FC or iSCSI Host Interfaces (Storageflex).

62.     Further, Defendant Boost has been and now is indirectly infringing the '311 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement of the '311 Patent by users of Defendant Boost's products, such as EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of Defendant Boost's products, including the EonStor RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, EonStor DS RAID Systems with Fibre Host Interface and/or iSCSI Host Interface, ESVA iSCSI Host Series, and ESVA Fibre Host Series.

63.     Further, Defendant Storageflex has been and now is indirectly infringing the '311 Patent, with knowledge of the patent and knowledge that its induced acts constitute patent infringement, by way of actively inducing infringement and/or contributing to the infringement

of the '311 Patent by users of Defendant Storageflex's products, such as the FF1124 and HA3969 with FC or iSCSI Host Interfaces by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, promoting, providing product instruction, and/or advertising certain of Defendant Storageflex's products and/or components for use with same, including, without limitation, the FF1124 and HA3969 with FC or iSCSI Host Interfaces and/or components for use with same.

64.    Defendants Boost and Storageflex have been on notice of the '311 Patent since before this lawsuit through notification by letter that their products, including, but not limited to, the infringing products listed herein, have infringed and continued to infringe, and have not ceased their infringing activities.  The infringement of the '311 Patent by Defendants Boost and Storageflex has been and continues to be willful and deliberate.

65.    Crossroads has been irreparably harmed by each of Defendant Storageflex's, Aberdeen's, iXsystems', Boost's and Infortrend's acts of infringement of the '311 Patent, and will continue to be harmed unless and until each of Defendant Storageflex's, Aberdeen's, iXsystems', Boost's and Infortrend's acts of infringement are enjoined and restrained by order of this Court.

66.    As a result of the acts of infringement of the '311 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

    A.    That each of the Defendants has infringed the '035 Patent;

    B.    That such infringement of the '035 Patent by Defendants has been willful;

C.     That Defendants account for and pay to Crossroads all damages caused by the infringement of the '035 Patent;

D.     That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '035 Patent;

E.     That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

F.     That Defendants Infortrend, Boost and Storageflex have infringed the '147 Patent;

G.     That such infringement of the '147 Patent by Defendants Infortrend, Boost and Storageflex has been willful;

H.     That Defendants Infortrend, Boost and Storageflex account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

I.     That Crossroads receive enhanced damages from Defendants Infortrend, Boost and Storageflex in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants Infortrend, Boost and Storageflex's willful infringement of the '147 Patent;

J.     That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants Infortrend, Boost and Storageflex's infringement of the '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K.      That each of the Defendants has infringed the '041 Patent;

L.      That such infringement of the '041 Patent by Defendants Aberdeen, Boost, iXsystems and Storageflex has been willful;

M.      That Defendants account for and pay to Crossroads all damages caused by the infringement of the '041 Patent;

N.      That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on each of Defendants Aberdeen's, Boost's, iXsystems' and Storageflex's willful infringement of the '041 Patent;

O.      That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '041 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

P.      That each of the Defendants has infringed the '040 Patent;

Q.      That such infringement of the '040 Patent by Defendants Aberdeen, Boost, iXsystems and Storageflex has been willful;

R.      That Defendants account for and pay to Crossroads all damages caused by the infringement of the '040 Patent;

S.      That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on each of Defendants Aberdeen's, Boost's, iXsystems' and Storageflex's willful infringement of the '040 Patent;

T.     That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '040 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

U.     That each of the Defendants has infringed the '311 Patent;

V.     That such infringement of the '311 Patent by Defendants Boost and Storageflex has been willful;

W.    That Defendants account for and pay to Crossroads all damages caused by the infringement of the '311 Patent;

X.     That Crossroads receive enhanced damages from Defendants Boost and Storageflex in the form of treble damages, pursuant to 35 U.S.C. § 284 based on each of Defendants Boost's and Storageflex's willful infringement of the '311 Patent;

Y.     That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '311 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

Z.     That Defendants pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

AA.   That costs be awarded to Crossroads;

BB.   That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminary and permanently enjoined from further infringement of the '035 Patent;

CC.    That Defendants Infortrend, Boost and Storageflex, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminary and permanently enjoined from further infringement of the '147 Patent;

DD.    That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminary and permanently enjoined from further infringement of the '041 Patent;

EE.    That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminary and permanently enjoined from further infringement of the '040 Patent;

FF.    That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminary and permanently enjoined from further infringement of the '311 Patent;

GG.    That this is an exceptional case under 35 U.S.C. § 285; and

HH.    That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Crossroads hereby demands a trial by jury on all issues.

Dated:  February 1, 2012                      Respectfully submitted,


                                              By:   */s/ Elizabeth J. Brown Fore*
                                                    Steven Sprinkle
                                                    State Bar No. 00794962
                                                    Elizabeth J. Brown Fore
                                                    State Bar No. 24001795
                                                    Sprinkle IP Law Group, PC

1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com